In the Matter of Steven DOMINIC, Debtor.

INDIAN HEAD NATIONAL BANK OF FLORIDA, Plaintiff,

v.

Steven DOMINIC, Defendant.

Bankruptcy No. 81–1891.
Adv. No. 82–991.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

March 2, 1983.

Peter V. Millham, Laconia, N.H., for plaintiff.

William Philpot, Laconia, N.H., Thomas E. Shipp, Cape Coral, Fla., for Dominic.

William Shields, Fort Myers, Fla., for Washburn.

Edward L. Schuette, tax collector, Town of Meredith, Meredith, N.H.

Philip T. McLaughlin, Laconia, N.H., for Norwood.

A. Gerard O'Neil, Laconia, N.H., for Huckins.

Christopher Wood, Portsmouth, N.H., for Weiner.

John K. Olson, Tampa, Fla., for Norwood and Weiner.

ORDER ON: OBJECTION TO APPLICATION FOR REMOVAL, RENEWAL OF OBJECTION TO APPLICATION FOR REMOVAL, MOTION FOR REHEARING ON ORDER ON APPLICATION FOR REMOVAL AND MOTION TO TRANSFER VENUE

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case and while several motions and objections in both the general case and the above-styled adversary proceeding are before the Court for resolution, each of the matters relate to two basic questions.

The first question to be resolved is whether the Chapter 7 Trustee holds a cognizable interest in certain funds held in the registry of the Superior Court, Belknap County, State of New Hampshire. If it is determined that such interest exists, the Court must decide whether the Bankruptcy Court in and for the Middle District of Florida or the Bankruptcy Court in and for New Hampshire provides the proper forum for adjudicating the respective rights of all competing parties claiming an interest in the same funds.

The undisputed facts germane to the resolution of the controversy are as follows:

On October 14, 1981, Steven Dominic filed a Voluntary Petition for Relief pursuant to Chapter 7 of the Bankruptcy Code and John Washburn was appointed trustee of the Chapter 7 estate. On November 27, 1981, the Trustee filed a Report of Trustee's Intention to Disclaim Property wherein he stated his intent to disclaim Lots 1 and 2, Dunn Subdivision, Parade Road, Meredit, New Hampshire. The Trustee's disclaimer was premised on the belief that the described properties were held by the Debtor with his non-debtor wife as tenants by the entireties and that the properties were, therefore, not subject to administration. It should be noted that the actual form of ownership in these properties has since come into question.

On February 19, 1982, the Debtor received a general discharge and on May 19, 1982, the case was closed and the Trustee was discharged.

After the case was closed, the Trustee and the Clerk of the Bankruptcy Court were served with process in an interpleader action in Superior Court, State of New Hampshire, County of Belknap, styled, *Indian Head National Bank of Laconia v. Dominic, et al.,* Docket Number E–82–0088. The record reveals that the same properties, which the Trustee had disclaimed on belief that they were not subject to administration, were sold for the sum of $119,000 at a foreclosure sale on April 23, 1982. The total balance owed to the Mortgagee, Indian Head National Bank of Laconia (the Bank) was $72,966.24 leaving a balance of $46,033.76. Three unsecured creditors which were unscheduled by the Debtor asserted claims against this amount, which was ultimately placed in the registry of the Superior Court as a result of the interpleader action filed by the Bank.

On November 23, 1982, this Court vacated the May 19 order closing the estate and reappointed the Trustee upon representation by the Trustee that the case was prematurely closed and that the $46,000 excess proceeds from the sale held in the New Hampshire Court registry represents assets of the estate based on the theories that (1) the property was mistakenly disclaimed or (2) that proceeds from the sale of property held by the entireties does not retain the same form of ownership.

On December 9, 1982, upon Application for Removal filed by the Trustee, this Court ordered removal of the interpleader action from the New Hampshire Court to this Court where it is styled, *Indian Head National Bank of Laconia v. Steven and Deborah Dominic, John Washburn, et al.,* Adv. No. 82–991. Clearly, the general case and the adversary proceeding are inextricably interwoven since the only matter pending in the administration of the estate appears to be the assets which are the subject matter of the interpleader action. Thus, the matters currently before the Court in the general case include an Objection to Application for Removal and Request for Hearing, and Motion to Transfer Venue filed by

Fred and Betty Norwood, Steven and Leisa Weiner and Raymond Huckins, the unscheduled creditors who claim no knowledge of the bankruptcy pending in Florida and who are also named defendants in the interpleader action. The matters in the adversary proceeding include a Renewal of Objection to Application for Removal, a Motion for Rehearing on the Order on Application for Removal and a Motion for Remand, all filed by the above-mentioned unsecured creditors.

These are the relevant facts against which the Court must determine (1) the Trustee's right to assert any claim in the assets which represent proceeds of previously disclaimed real property and (2) the proper forum for a determination of rights of the competing parties of interest.

As noted above, the Chapter 7 Trustee disclaimed any interest in the properties described as Lots 1 and 2, Dunn Subdivision, Parade Road, Meredith, New Hampshire on the basis that the assets were erroneously scheduled by the Debtor since the properties were held by the Debtor and his non-debtor wife, by the entireties, thus, not subject to administration. It is now contended by the Trustee that the subject properties were mistakenly disclaimed as it appears that the properties were not in fact held by the entireties. Further, the Trustee questions under the applicable law of New Hampshire whether proceeds from a sale of property, even if it was held by husband and wife as tenants by the entireties, retains the same form of ownership.

It is the position of the unsecured creditors, also named as defendants in the interpleader action, that the Trustee having disclaimed any interest in the subject property is estopped from claiming an interest in the excess proceeds from the foreclosure sale. In support of this position, the creditors cite, *In re Sutton*, 10 B.R. 737 (Bkrtcy.E.D. Va.1981). In this case, the Trustee filed a notice to abandon the Debtor's residence on the basis that the property was titled in the names of both the Debtor and his wife as tenants by the entireties. Subsequently, the property was sold at foreclosure and the

Trustee sought to recover the proceeds for the estate. The Court held that the abandonment by the Trustee was irrevocable since the property was scheduled by the Debtor, and the Trustee was aware of its existence.

At first blush, the *Sutton* decision appears to be instructive on the proper resolution of the matters before this Court. Closer scrutiny reveals, however, that *Sutton* and the case at bar are distinguishable on the facts. In reciting the pertinent facts in *Sutton,* the Court stated, "After obtaining an appraisal of the Debtor's residence, which indicated little or no equity for the benefit of the estate, the Trustee filed with the Court a notice of intention to abandon." *Id.* at 738. Clearly, in keeping with the Bankruptcy Act, under which *Sutton* was decided and § 554(a) of the Code, the property was properly abandoned upon a determination by the Trustee that the property was "of inconsequential value to the estate." 11 U.S.C. § 554, 10 B.R. at 741.

In this case, the property in question was not abandoned as either inconsequential in value or burdensome, but rather, it was disclaimed by the trustee on the mistaken belief that as property held by the entireties, it was not subject to administration. The concepts of abandonment and disclaimer are totally separate and distinct. 11A *Collier on Bankruptcy,* § 14.016 (14th ed. 1981). Thus, attribution of the consequences of abandonment, i.e. irrevocability, to the act of disclaimer is displaced.

In light of the fact that this Court has determined that the Trustee for the estate may assert an interest in the funds held in New Hampshire, it is necessary to decide the proper forum for adjudicating the rights of the parties in interest.

The unsecured creditors contend that the removal of the interpleader action from New Hampshire to the Middle District of Florida was improper and urge that it be remanded to the New Hampshire State Court. First, it is contended that this Court is without jurisdiction on the basis that § 241(a) of the Bankruptcy Reform Act of 1978, Pub.L. 95–598, including 28 U.S.C.

§ 1478 (Removal to the Bankruptcy Court), is unconstitutional. It is the opinion of this Court that the proposition here urged by the unsecured creditors cannot be supported. The plurality opinion in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) states "... that the *broad grant of jurisdiction* to the bankruptcy courts *contained in § 241(a)* is unconstitutional ..." (emphasis supplied). Clearly, the grant of jurisdiction found within § 241(a) has been declared unconstitutional, however, those sections, found within § 241(a), i.e. § 1478, which do not represent a jurisdictional grant remain intact. 28 U.S.C. § 1478 relates solely to removal and does not purport to confer jurisdiction of any kind on any court. The removed adversary proceeding currently before this Court is a proceeding to determine the respective rights of the Trustee in bankruptcy and creditors of the estate who allegedly hold claims which have not been discharged. It is, thus, a proceeding arising "in or under Title 11," removed to a bankruptcy forum for adjudication, and properly before this Court pursuant to the Model Emergency Rule (d)(1)(2).

The unsecured creditors next contend that even if this Court has jurisdiction, the venue is improper and the proceeding should be remanded based on the language of 28 U.S.C. § 1478 which states in pertinent part:

a) A party may remove any claim or cause of action in a civil action ... to the bankruptcy court for the district where such civil action is pending ...

It should be noted, however, that 28 U.S.C. § 1477 (Cure or Waiver of Defects) states:

a) The Bankruptcy Court of a district in which is filed a case or proceeding laying venue in the wrong division or district may, in the interest of justice and for the convenience of the parties, retain such case or proceeding, or may transfer under section 1475 of this title such case or proceeding to any other district or division.

It is the contention of the Trustee, that although the interpleader action may have been removed to the wrong bankruptcy court, the issue is one of improper venue rather than jurisdiction and pursuant to 28 U.S.C. § 1477(a), this Court may in its discretion retain the proceeding or transfer it to another district or division. *See* 28 U.S.C. § 1477(a). In addressing this specific point, *Colliers* states:

"Section 1478(a) permits removal of a claim or cause of action to one court only—the bankruptcy court for the district in which the relevant civil action is pending. The language of the statute permits no exception. However, once removal is effected, the general change of venue provisions of 28 U.S.C. §§ 1475, 1477 would apply and that venue may be changed if the criteria of that section were met. 1 *Colliers on Bankruptcy,* ¶ 3.01[i] (15th ed. 1982).

In accord with 28 U.S.C. § 1477, this Court must decide whether to retain or transfer this case and proceeding on the basis of the interest of justice and convenience of the parties. It is the studied opinion of this Court that both the case and the proceeding should be transferred to the Bankruptcy Court in and for the State of New Hampshire for the following reasons:

There is no doubt that the sole question to be resolved in this case is the proper distribution of the excess proceeds from a foreclosure sale conducted in New Hampshire. The trustee in bankruptcy asserts an interest based on theories, outlined earlier in this opinion, which must be resolved by applying the law of New Hampshire. The Trustee has engaged local counsel and will not be prejudiced by the transfer.

The unsecured creditors claim that their debts were not discharged in this Chapter 7 case because they had neither notice nor actual knowledge of the pendency of this case in the Middle District of Florida. All of the claiming creditors are in New Hampshire, and resolution of any factual questions regarding knowledge may be most conveniently and expeditiously litigated in that forum.

The assets which rest at the center of this controversy are held in the registry of the Supreme Court, Belknap County, State of New Hampshire. Finally, since the Debtors have no interest in these funds, they will not be subjected to substantial inconvenience by being called repeatedly to appear at numerous hearings.

In accordance with the foregoing, it is

ORDERED, ADJUDGED AND DE-CREED that the Objection to Application for Removal and Request for Hearing filed by Fred Norwood, Betty Norwood, Steven Weiner, Leisa Weiner and Raymond Huckins in the Chapter 7 case styled, *Steven Dominic,* Case No. 81–1891 be, and the same hereby is, overruled. It is further

ORDERED, ADJUDGED AND DE-CREED that the Renewal of Objection to Application for Removal, the Motion for Rehearing on the Order on Application for Removal and the Motion for Remand filed by Fred Norwood, Betty Norwood, Steven Weiner, Leisa Weiner and Raymond Huckins in the above-styled adversary proceeding be, and the same hereby are, denied. It is further

ORDERED, ADJUDGED AND DE-CREED that the Motion to Transfer Venue filed by Fred Norwood, Betty Norwood, Steven Weiner, Leisa Weiner and Raymond Huckins be, and the same hereby is, granted and the Clerk of the Bankruptcy Court of the Middle District of Florida is hereby directed to transfer to the Bankruptcy Court for New Hampshire, both the general case and the removed adversary proceeding, for further proceeding not inconsistent with this opinion.